

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50282 | DATE | 10/8/2003 |
| CASE TITLE | Shirley vs. Quebecor Printing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment [#20].

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion for summary judgment [#20] and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT - 9 2003 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10-9-03 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Howard Shirley, filed an amended complaint alleging that defendant violated Title VII of the Civil Rights Act of 1964 in four respects: (1) discharged plaintiff; (2) refused to promote him on three separate occasions; (3) refused to give him temporary upgrades on several occasions; and (4) discharged him in retaliation for his filing of a union grievance about racial discrimination. Defendant has moved for summary judgment on all claims. While defendant contends that plaintiff waived his retaliation claim because he did not include it in either his original or amended complaints, the court will consider it as it was raised in plaintiff's EEOC complaint and is arguably included in his amended complaint before this court. Defendant also refers to plaintiff's claim based on a discriminatory refusal to give him overtime work. That claim, however, is not in either plaintiff's EEOC complaint or in his amended complaint here and is, therefore, not properly raised.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Windle v. City of Marion, 321 F. 3d 658, 660 (7th Cir. 2003).

A claim of racial discrimination may be established either using the direct method or the indirect, burden-shifting method prescribed under McDonnell Douglas v. Green, 411 U.S. 792 (1973). Haywood v. Lucent Tech., Inc., 323 F. 3d 524, 529 (7th Cir. 2003). Under the direct method, there must be direct evidence of racial discrimination. Ajayi v. Aramark Business Serv., Inc., 336 F. 3d 520, 531 (7th Cir. 2003).

Here, plaintiff offers no direct evidence of racial discrimination as to any of his claims. Thus, if he is to withstand the summary judgment motion, plaintiff must rely on the indirect method.

To prevail under the indirect approach, a plaintiff must first establish a prima facie case of discrimination, which then shifts the burden to the defendant to provide a legitimate, nondiscriminatory reason for the challenged employment decision. Ajayi, 336 F. 3d at 531. If a defendant does so, the plaintiff retains the ultimate burden to show that the proffered reasons are pretextual. Ajayi, 336 F. 3d at 531. To establish a prima facie case of discrimination for the failure to promote or for discharge, a plaintiff must show he is a member of a protected class, he was qualified for the job or was meeting the employer's legitimate expectations, he suffered an adverse employment action, and the defendant treated similarly situated employees outside the protected class more favorably. Ajayi, 336 F. 3d at 531-32.

In this case, the undisputed facts show plaintiff was not meeting the legitimate expectations of his job. He had numerous disciplinary actions taken against him for absenteeism, for failing to work required overtime, and for various errors in performing his job duties. He also had performance evaluations that were in the marginal range. Additionally, after being terminated in the Spring of 1997, he voluntarily entered into a "second chance agreement" in which he was allowed to return to work but with conditions, such as quality of work performance, that called for his discharge if violated. While working under this agreement, plaintiff was involved, along with other crew members, in a production incident that resulted in a significant misprinting of a catalog. Based on all of this evidence, plaintiff has not established a prima facie case of discrimination regarding his meeting defendant's legitimate expectations. Plaintiff's own self-serving assertions that he could do the job are insufficient to establish this element of the prima facie case.

Plaintiff has also failed to show that defendant treated similarly situated employees outside the protected class more favorably than himself. He has not shown that anyone else with his similar employment record (including a second chance agreement) was not terminated. As for the refusal to grant him a permanent upgrade on three occasions, the undisputed evidence shows that the three individuals who received the promotion were not similarly situated as they all had better performance evaluations, had better disciplinary records, and had no second chance agreement in place at the time they were selected. As for plaintiff's seniority, it is undisputed that was only one consideration in the promotion process. Plaintiff has also failed to show any similarly situated employees were granted temporary upgrades while he was denied them.

As for his retaliation claim, plaintiff can establish a prima facie case either by presenting direct evidence of a statutorily protected activity, an adverse employment action, and a causal connection between the two, or he can show: (1) he engaged in statutorily protected activity; (2) he performed his job according to defendant's legitimate expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. See Haywood, 323 F. 3d at 531.

Plaintiff's claim fails under the first approach. Plaintiff has shown that he engaged in protected activity when he filed a race-based grievance in July of 1997. He also satisfies the second element based on his discharge in October of 1997. He fails, however, to offer any evidence of a causal link between the two. While temporal proximity is not decisive, see Haywood, 323 F. 3d at 532, it was three months between plaintiff's filing the grievance and being terminated. More importantly, the incident involving the misprint of the catalog occurred in the interim. In fact, his discharge came on the heels of that incident. Additionally, plaintiff cannot escape the fact he was laboring under a second chance agreement, which predated the grievance being filed. There is simply no evidence to show that he was fired because of his having filed a grievance.

As for the second approach, as discussed above, plaintiff has failed to show he was meeting the legitimate expectations of defendant. He also has not shown that any similarly situated employee who did not engage in statutorily protected activity was treated more favorably.

Because plaintiff has failed to offer sufficient evidence to support a prima facie case as to any of his claims, the court need not address whether defendant's proffered reasons are legitimate and non-invidious or that they were pretextual.

Based on the foregoing, the court grants' defendant's motion for summary judgment as to all claims and dismisses this cause in its entirety.

# United States District Court
## Northern District of Illinois
### Western Division

Howard Shirley

v.

Quebecor Printing, Inc.

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 50282

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court grants defendant's motion for summary judgment and dismisses this cause in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 10/8/2003

Susan M. Wessman, Deputy Clerk