Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50282 | **DATE** | 12/29/2003 |
| **CASE TITLE** | Shirley vs. Quebecor Printing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court enters a judgment of costs in favor of defendant in the amount of $4,413.97.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 29 2003 date docketed | |
| | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12-29-03 date mailed notice | |
| LC | courtroom deputy's initials | 2003 DEC 29 AM 11:43 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendant, Quebecor Printing, Inc., who prevailed on its motion for summary judgment, filed a bill of costs, pursuant to Fed. R. Civ. P. 54, in the amount of $4,413.97. The clerk of the court included the entire amount in the judgment, and plaintiff, Howard Shirley, filed pro se a timely objection. The only basis for plaintiff's objection is that he is indigent. The court, relying on McGill v. Faulkner, 18 F. 3d 456 (7th Cir. 1994), ordered plaintiff to submit a financial affidavit regarding his claimed indigency, which he has done.

With respect to costs specifically allowed by statute, Rule 54 creates a presumption that the prevailing party will receive costs and that, to rebut this presumption, the losing party must demonstrate something more than his good faith in the litigation. Hudson v. Nabisco Brands, Inc., 758 F. 2d 1237, 1242 (7th Cir. 1985), overruled on other grounds, The Provident Bank v. Manor Steel Corp., 882 F. 2d 258 (7th Cir. 1989). In general, to overcome the presumption in favor of costs, the losing party must show that there has been some fault, misconduct, default, or action worthy of penalty on the part of the winning party. Hudson, 758 F. 2d at 1242. The fact that a court disposes of a case on summary judgment is no impediment to an award of costs, provided that they were otherwise reasonably necessary in the case. Hudson, 758 F. 2d at 1243. Because of the presumption in favor of costs under Rule 54(d), no underlying factual findings are necessary except when a court denies costs to a prevailing party. Hudson, 758 F. 2d at 1243-44. The prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption. McGill, 18 F. 3d at 459. The power to award costs under Rule 54 is a matter within the sound discretion of the court. McGill, 18 F. 3d 459.

Here, plaintiff does not attempt to overcome the presumption in favor of costs except to the extent he claims he is indigent. In that regard, and pursuant to a prior order of this court, he has submitted a financial affidavit.

While the inability to pay is a factor to be considered in granting or denying costs and the presumption in favor of costs may be overcome by a showing of indigency, a party's indigency does not require the court to automatically waive costs to an unsuccessful litigant. McGill, 18 F. 3d at 459. An indigent party is not shielded from paying the costs he forced a defendant to incur because, like a non-indigent party, he must consider the relative merits of the lawsuit against the pain an unsuccessful suit might inflict on his pocketbook. McGill, 18 F. 3d at 460.

In this case, plaintiff's affidavit shows monthly income of over $3,000 and monthly expenses of just under $3,000. This does not demonstrate an inability to pay a judgment of costs of $4,413.97 such that plaintiff should be excused from doing so.

Therefore, the court awards costs to defendant in the amount of $4,413.97. In doing so, the court offers no opinion on whether, or to what extent, defendant should attempt to satisfy its judgment of costs.